HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHAWLEE GEIGER,                )
                               )
                               )
                  Plaintiff,   )        Case No. 2:19-CV-01188-BJR
                               )
       vs.                     )
                               )
UNITED STATES OF AMERICA,      )
                               )        **PRE-TRIAL ORDER**
                  Defendant.   )
                               )
_____)

I.

<u>JURISDICTION</u>

Jurisdiction is vested in this Court Pursuant to the Federal Tort Claims Act

("FTCA"), 28 U.S.C. §§ 1346(b), 2679(b)(1).  The "FTCA" waives sovereign immunity

for a negligent or wrongful act commited by a federal employee acting within the scope

of his employment. 28 U.S.C. §§ 1346(b), 2671, 2680. Plaintiff must show that the

United States was negligent or wrongful "in accordance with the law of the place where

the act or omission occurred." 28 U.S.C. § 1346(b). The accident occurred inWashington

and Washington substantive law should be applied.  This Court has jurisdiction over the

parties and the subject matter. Plaintiff has exhausted her Administrative Remedies as required by law.

II.

<u>CLAIMS AND DEFENSES</u>

The Plaintiff will pursue at trial the following claims:

**A.  Plaintiff's injuries were proximately caused by or contributed to by a negligent or wrongful act or omission of an agent, employee or representative of the United States.**
*Plaintiff's Complaint for Damages 2.0, 3.1, 4.1, Dkt. 1, pp. 2-3.*

Plaintiff will show that Defendant was negligent because Defendant had a duty of care, breached that duty and proximately caused Plaintiff's injuries.  *See Bowers v. Marzano*, 170 Wash.App. 498, 505 (Div. 2, 2012).  The testimony of independent witnesses David Jarman and Wally Olson will provide evidence of the fact that prior to making a right turn from NW Ballard Way into 11th Ave. NW, the United States' driver, Al Kendrick, failed to come to a complete stop at the stop sign before entering the intersection, in violation of RCW 46.61.050(1).

When, as in this case, Defendant's vehicle and Plaintiff's vehicle were approaching (Plaintiff) or entering (Defendant) the intersection at approximately the same time, the driver of the vehicle on the left (Defendant) shall yield the right-of-way to the vehicle on the right (Plaintiff) RCW 46.61.180(1). Defendant's driver made his wide right turn into 11th Ave. NW before it could be made with reasonable safety, in violation of RCW 46.61.305 (1).  Even if Defendant's contention that Plaintiff's vehicle was west of the center of 11th Ave. NW were true, Plaintiff would still be the favored driver under Washington law.

*Carlson v. Whelan,* 197 Wash.104, 109-110, 84 P.2d 1001, 1003 (1938).  The

disfavored driver bears the primary duty to avoid a motor vehicle accident.

*Bowers v. Marzano*, *supra,* 170 Wash.App. at 506.

This collision occurred approximately 15 feet before Plaintiff's vehicle

came to the stop line on Northbound 11th Ave. NW, and Plaintiff never moved

across or within the intersection, so RCW 46.61.190 (2)(a) does not apply.


**B.  Plaintiff's claims for injuries and damages were proximately caused by
the United States.  Her treatment has been reasonable and necessary.**

Dr. Virtaj Singh will testify that, on a more probable than not basis, the following

injuries were caused by the vehicle collision of 10/25/16:

 (a) Chronic cervical strain/sprain.

 (b) Probable cervical facet joint injuries left worse than right, likely aggravation of pre-

existing condition.

(c) Left upper extremeity dysesthesisas and weakness, probable elements of neurogenic

thoracic outlet syndrome, rule out component of cervical radiculopathy. Rule out

peripheral nerve injury.

(d) Chronic left shoulder pain, probable component referred from neck. MRI of her left

shoulder shows supraspinatus partial-thicknes tear versus tendinosis, rule out labral tear

or other more sinister injury. *Report of Virtaj Singh, M.D. p.6.* Exhibit P-6.

Dr. Singh has determined that Plaintiff's treatment thus far has been reasonable

and necessary. Dr. Singh will further testify: "I believe she would benefit from an MRI of

her cerical spine, and MR arthrogram of her left shoulder, and electrodiagnostic testing of

her left upper extremity.  I would also highly recommend diagnostic scalene and

pectoralis minor blocks on her left side. I would also recommend consideration of medial

branch blocks ot her upper and midcervical fact joints. Based on these diagnostic tests,

patient could be an excellent candiate for further treatment.  This could include

chemodenervation or various regenerative injections.  This could include

chemodenervation to her scalene, suclavius, and pectoralis muscles, which could be

combined with physical therapy, occupational therapy, and regular massage.  This could

include potential regenerative injections to her shoulder.  *Report of Virtaj Singh, M.D.*

*p.7.* Exhibit P-6.

As stated in his report, Dr. Singh finds that overall, patient has a poor prognosis

for further return of function.  She is most likely at maximum medical improvement.

*Report of Virtaj Singh, M.D. p.7.* Exhibit P-6.

Plaintiff's pain and suffering damages are believed to be $200,000.00.  Plaintiff

will more likely than not incur expensive, future medical care which will be detailed by

Dr. Singh at the time of trial.  Plaintiff has incurred special damages and must repay a

Medicaid Lien in the amount of $530.11 from $4,668.10 of medical expenses that were

actually incurred and billed. Exhibit P-8.

Plaintiff has also suffered the loss of her motor vehicle believed to be in an

amount of $5,000.00.

The Defendant will pursue the following affirmative defenses and/or claims:

**I.      Plaintiff's injuries and damages were not proximately caused by or
contributed to by a negligent or wrongful act or omission of any agent,
employee or representative of the United States.**
*United States' Affirmative Defense 2, Dkt. 6, pg. 4.*

Plaintiff cannot prove that Defendant was negligent.  In order to prove negligence, Plaintiff must show (1) existence of a duty, (2) breach of that duty, (3) resulting injury, and (4) proximate cause.  *Bowers v. Marzano*, 170 Wash.App. 498, 505 (Div. 2, 2012).

The driver with a right-of-way is the favored driver, while the disfavored driver must yield the right-of-way.  *Id.* at 506 (*citing Hough v. Ballard*, 108 Wash.App 272 (Div 2, 2001)).  Pursuant to RCW 46.61.190(2)(a), the United States' driver, Al Kendrick, was the favored driver with the right-of-way and Plaintiff had a duty to yield the right-of-way to Mr. Kendrick.

> Except when directed to proceed by a duly authorized flagger, or a police officer, or a firefighter vested by law with authority to direct, control, or regulate traffic, every driver of a vehicle approaching a stop sign shall stop except as provided in (b) of this subsection at a clearly marked stop line, but if none, before entering a marked crosswalk on the near side of the intersection or, if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering the roadway, and after having stopped shall yield the right-of-way to any vehicle in the intersection or approaching on another roadway so closely as to constitute an immediate hazard during the time when such driver is moving across or within the intersection or junction of roadways.

RCW 46.61.190(2)(a).

Mr. Kendrick's vehicle was almost entirely through the intersection by the time Plaintiff approached the intersection and hit the left front of Mr. Kendrick's vehicle. Mr. Kendrick entered the intersection well before Plaintiff and Plaintiff came along later at a higher rate of speed and approached the intersection without stopping, slowing, or seeing Mr. Kendrick turning in front of her.

Under these circmunstances, Plaintiff is the disfavored driver and Plaintiff had the primary duty to avoid the accident.  The disfavored driver bears the primary duty to avoid

a motor vehicle accident.  *Bowers*, 170 Wash.App. at 506 (*citing Sanchez v. Haddix*, 95

Wash.2d 593, 597 (1981)).

> **II.    The United States' employee, Al Kendrick, complied with any duty of care he may have owed Plaintiff under Washington State law.**
> *United States' Affirmative Defense 3, Dkt. 6, pg. 4.*

Mr. Kendrick acted reasonably to try to avoid the accident by coming to a stop in

the intersection once he realized Plaintiff was not going to yield the right of way.

Washington courts have consistently held "that all rights of way are relative and the duty

to avoid accidents or collisions at street intersections rests upon both drivers."  *Hough v.*

*Ballard*, 108 Wash.App 272 (Div 2, 2001); *see also Bennett v. Karnowsky*, 24 Wash.2d

487, 491 (1946).

A favored driver may assume that a disfavored driver will yield the right-of-way;

and, this assumption continues until the favored driver becomes aware, or in the exercise

of reasonable care should have become aware, that the disfavored driver will not yield the

right-of-way.  *Bowers*, 170 Wash.App. at 506.  The point where a favored driver realizes

a disfavored driver will not yield the right-of-way is the point of notice.  *Id.*  From the

point of notice, the favored driver enjoys a reasonable reaction time to avoid a collision.

*Id.*

Mr. Kendrick's reaction to bring his vehicle to a stop once he realized Plaintiff

was not going to yield the right of way was reasonable under the circumstances.

> **III.   Plaintiff's recovery in this case is barred or disminished as a result of her own negligent acts, omissions, wrongdoing, contributory fault, and failutre to exercise reasonable care.  United States' Affirmative Defense 4, Dkt. 6, pg. 4.**

The default rule is that a defendant may assert an affirmative defense of

contributory fault against a plaintiff.  *Hendrickson v. Moses Lake School District*, 428

P.3d 1197 (2018) (citing RCW 4.22.005).  Under the "Tort Reform Act of 1986," the trier

of fact is required to apportion fault to every person or entity that caused the claimant's

damages.  RCW 4.22.070(1) ("In all actions involving fault of more than one entity, the

trier of fact shall determine the percentage of the total fault which is attributable to every

entity which caused the claimant's damages except entities immune from liability to the

claimant under Title 51 RCW. The sum of the percentages of the total fault attributed to

at-fault entities shall equal one hundred percent.").

Plaintiff, the disfavored driver, breached her duty to yield the right-of-way to Mr.

Kendrick at the intersection and to avoid the accident.  Plaintiff's negligence is the sole

cause of the accident and as such, her claim is barred.

### IV.    Plaintiff's injuries and damages, if any, are the result of pre-existng conditions which preceded the incident forming the basis of the Complaint.
*United States' Affirmative Defense 6, Dkt. 6, pg. 4.*

Evidence of a symptomatic condition immediately before an aggravating accident

is admissible on the issue of proximate cause.  *Hoskins v. Reich*, 142 Wash.App. 557

(Div 2, 2008); *see also Harris v. Drake*, 152 Wash.2d 480, 494 (2004).  Evidence of the

natural progression of a preexisting condition is relevant to damages.  *See generally*

*Bennett v. Messick*, 76 Wash.2d 474, 478 (1969) (asymptomatic and latent, but dormant,

preexisting conditions do not affect damage awards).

Plaintiff had pre-existing injuries that were symptomatic immediately before the

accident and her pre-existing injuries are the proximate cause of her alleged injuries in

this lawsuit.  Plaintiff's pre-existing injuries were symptomatic at the time of the

accident.  Plaintiff filed multiple claims for Social Security Disability ("SSD") benefits,

alleging that she is disabled due to her pre-existing injuries, beginning in 2009.  Her most

recent claim for SSD benefits was filed three days after the accident and was based solely on pre-existing injuries and did not include any injuries from this accident.

III.

ADMITTED FACTS

The following facts are admitted by the parties:

1. This case stems from a low-speed motor vehicle collision on October 25, 2016, at approximately 4:30 a.m. at or near the intersection of 47th NW and 11th NW within the City of Seattle in an area know as Ballard or Freemont.  The accident occurred between driver Shawlee Geiger and driver Al Kendrick.  Mr. Kendrick is a driver for the United States Postal Service and was acting within the course and scope of his employment at the time of the accident. Plaintiff has exhausted her Administravire Remedies as required by law.

IV.

ISSUES OF LAW

The following are the issues of law to be determined by the court:


Plaintiff:

1. Was the defendant or its employees negligent and was this a proximate cause of the accident and plaintiff's damages?

3. What damages are plaintiff entitled to?

4. Other issues that normally arise in a Motor Vehicle Accident/injury case.

5. Is evidence of plaintiff's previous injuries relevant and if so, did this accident "light up" asymptomatic or pre-existing conditions?

<u>Defendant</u>:

1. Has Plaintiff met her burden of proving by a preponderance of the evidence that Defendant was negligent by showing (1) existence of a duty, (2) breach of that duty, (3) resulting injury, and (4) proximate cause?

2. Was the United States' driver, Al Kendrick, the favored driver with the right-of-way?

3. Did Plaintiff have a duty to yield the right-of-way to Mr. Kendrick?

4. Was Plaintiff the disfavored driver?

5. Did Plaintiff have the primary duty to avoid the accident?

6. Did the United States' employee, Al Kendrick, comply with any duty of care he may have owed Plaintiff under Washington State law?

7. Did Mr. Kendrick act reasonably to try to avoid the accident by coming to a stop in the intersection once he realized Plaintiff was not going to yield the right-of-way?

8. Is Plaintiff's recovery in this case barred as a result of her own negligent acts, omissions, wrongdoing, contributory fault, and failure to exercise reasonable care?

9. Are Plaintiff's injuries and damages, if any, the result of pre-existing conditions which preceded the incident forming the basis of the Complaint?

V.

<u>EXPERT WITNESSES</u>

(a)     Each party shall be limited to one expert witness on the issues of liability, economic and vocational loss, and relevant field of medical expertise.

(b)      The names, and addresses of the expert witnesses to be used by each party at the trial, either live, by zoom or by deposition, and the issue upon which each will testify is:

On behalf of plaintiff:

1.  Dr. Virtaj Singh, M.D.  3213 Eastlake Ave East, Suite A, Seattle, Washington 98102. Dr. Singh is expected to testify within his oral deposition of September 29, 2020 and his expert written report provided to Defendant pursuant to this Court's Order.  Dr. Singh is a board-certified expert in the field of physical medicine and rehabilitation. He will testify about the medical issues in this matter and will address any testimony given by any other experts regarding medical issues.  He will testify regarding all aspects of his activity in this case including, but not limited to: (1) his qualifications and expertise; (2) his examination of Plaintiff; (3) his review of the records: (4) the opinions and conclusions set forth in his reports; and (5) his sources of information and works cited in his reports.

2.   David Wells of the ACES (The Accredited Collision Examination Specialists, Inc.), 1228 Coronado P., Edmonds, WA  981020 is an expert in the fields of collision analysis and accident reconstruction.  He will testify regarding liability and damages in this matter and will address any testimony given by any other experts regarding liability and damages.  Mr. Wells will testify regarding all aspects of his activity in this case including, but not limited to: (1) his qualifications and expertise; (2) his review of the records: (3) the opinions and conclusions set forth in his reports; and (4) his sources of information and works cited in his reports.

On Behalf of Defendant:

The United States will call the following expert witnesses:

1.  Ron Sanders.  Mr. Sanders is an expert in the fields of collision analysis and accident reconstruction.  He will testify regarding liability and damages in this matter and will address any testimony given by any other experts regarding liability and damages.  Mr. Sanders will testify regarding all aspects of his activity in this case including, but not limited to: (1) his qualifications and expertise; (2) his review of the records: (3) the opinions and conclusions set forth in his reports; and (4) his sources of information and works cited in his reports.

2.  Patrick Bays, D.O.  Dr. Bays is a board-certified expert in the field of orthopedic surgery.  He will testify about the medical issues in this matter and will address any testimony given by any other experts regarding medical issues.  Dr. Bays will testify regarding all aspects of his activity in this case including, but not limited to: (1) his qualifications and expertise; (2) his review of the records: (3) the opinions and conclusions set forth in his reports; and (4) his sources of information and works cited in his reports.

## VI.

## OTHER WITNESSES

The names and addresses of witnesses, other than experts, to be used by each party at the time of trial, will testify either live or by deposition, and the general nature of the testimony of each are:

(a)    On behalf of Plaintiff:

1.  Shawlee Geiger will testify as to the facts surrounding the accident and other matters relevant to this case.

2.   Wallace Olson, Jr. will testify regarding his eyewitness observations of the accident.

3. David C. Jarman will testify regarding his eyewitness observations of the accident.

(b)    On behalf of Defendants:

The United States will call the following fact witnesses:

1.      Al Kendrick, USPS Tractor Trailer Operator.  Mr. Kendrick was the driver of the USPS tractor trailer involved in the incident that is the subject of this litigation.  He will be called to testify as to the facts and circumstances leading up to and following the incident.

2.      Officer Tori Foley, Badge #6301, Seattle Police Department.  Officer Foley was dispatched to the scene of the incident.  She investigated the accident, interviewed the drivers, and took dash cam video of the accident.  She also prepared Washington State Police Traffic Collision Report No. 16-385825.  She will be called to testify as to the facts and circumstances surrounding this incident, as well as her observations of the scene and any statements made by Plaintiff at the scene.

VII.

<u>EXHIBITS</u>

(a) Admissibility Stipulated:

<u>Plaintiff's Exhibits</u>:

P-1 Curriculum Vita of David Wells

P-2  Fee Schedule of David Wells

P-3 Expert Report of David Wells

P-4 Expert Supplemental Repor of David Wells

P-5 Curriculum Vita of Virtaz Singh, M.D.

P-6 Fee Schedule of Virtaj Singh, M.D.

P-7 Expert Report of Virtaj Singh, M.D.

P-8 Medical Reimbursement Lien for the State of Washingto Department of Health and Human Services (Medicaid Lien).

P-9 Photographs of the Accident Scene Provided by Defendant as part of its Supplemental Disclosure Pursuant to FRCP 26(a)(1).

P-10 Screenshots of Locations using Google Maps.

P-11 Swedish Hospital ER, Billing Records.

P-12 Sonia Bahtia, M.D. Billing Records.

P-13 Plaintiff's income and earnings records and or Federal Income Tax returns.

Defendants Exhibits:

United States' Exhibits

D-1    Curriculum Vita of Ron Sanders

D-2    Fee Schedule of Ron Sanders

D-3    Expert Report of Ron Sanders

D-4    Expert Rebuttal Report of Ron Sanders

D-5    Curriculum Vita of Patrick Bays, D.O.

D-6    Fee Schedule of Patrick Bays, D.O.

D-7    Expert Report of Patrick Bays, D.O.

D-7A  Expert Report of Patrick Bays, D.O.

D-8    Expert Rebuttal Report of Patrick Bays, D.O.

D-9    Addendum to Report of Patrick Bays, D.O.

D-10  2016 Social Security Administration Records

       2016 Disability Report Form SSA 3368, Geiger_USA_000619-628

       2016 Disability Determination and Transmittal, Geiger_USA_000689-693

       2016 Case Development Sheet, Geiger_USA_000694-695

D-11  2015 Social Security Administration Records

       2015 Disability Report Form SSA 3368, Geiger_USA_000696-706

       2015 Work History Report, Geiger_USA_000871-880

       2015 Function Report Form SSA 3373, Geiger_USA_000883-892

       2015 Disability Determination and Transmittal, Geiger_USA_001092-1096

       2015 Case Development Sheet, Geiger_USA_001097-1105

D-12  2014 Social Security Administration Records

2014 Disability Report Form SSA 3368, Geiger_USA_001106-1115

2014 Disability Determination and Transmittal, Geiger_USA_001153-1157

2014 Case Development Sheet, Geiger_USA_001158-1160

D-13    2009 Social Security Administration Records

2009 Disability Report Form SSA 3368, Geiger_USA_001163-1173

2009 Function Report Form SSA 3373, Geiger_USA_001274-1281

2009 Work History Report, Geiger_USA_001283-1290

2009 Disability Determination and Transmittal, Geiger_USA_001381-1385

2009 Case Development Sheet, Geiger_USA_001386-1390

2009 Appeal, Geiger_USA_001391-1397

2009 Case Determiation, Geiger_USA_001428-1431

2009 Disability Determination and Transmittal, Geiger_USA_001432-1436

2009 Case Development Sheet, Geiger_USA_001437-1439

D-14    Seattle Police Department Report, Geiger_USA_000564-576

D-15    Seattle Police Department Photographs, Geiger_USA_000592-609

D-16    Seattle Police Department Dash Cam Video, Geiger_USA_000610-611

D-17    Standard Form 91 Motor Vehicle Accident Report, Geiger_USA_000024-000027

D-18    USPS Accident Scene Photos, Geiger_USA_000001-19


ACTION BY THE COURT

(a) This case is scheduled for trial without a jury on March 8, 2021, at 8:30 a.m.

(b) Trial briefs shall be submitted to the court on or before,  N/A.

This order has been approved by the parties as evidenced by the signatures of their counsel.  This order shall control the subsequent course of the action unless modified by a subsequent order.  This order shall not be amended except by order of the court pursuant to agreement of the parties or to prevent manifest injustice.

Dated this 8th day of March, 2021.

_s/Barbara J. Rothstein_____
Barbara Jacobs Rothstein
U.S. District Court Judge

FORM APPROVED

/s/ Anthony M. Urie_____
Anthony M. Urie, W.S.B.A. #11711
Of Attorney for Plaintiff

/s/ David S. Vogel_____
David S. Vogel, W.S.B.A. #13672
Of Attorney for Plaintiff

/s/ Krinstin B. Johnson_____
Kristin B. Johnson, W.S.B.A. #28189
Attorney for Defendants