1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHAWLEE GEIGER,

                              Plaintiff,

        v.

UNITED STATES OF AMERICA,

                              Defendant.

No.  2:19-CV-1188-BJR

MEMORANDUM OF DECISION

This matter was tried to the Court without a jury from March 8, 2021 to March 10, 2021, using remote video technology.  In this case, Plaintiff Shawlee Geiger brings a claim for negligence pursuant to the Federal Tort Claims Act against Defendant United States of America.

For the reasons below, the Court finds for Defendant in this matter.  The Court issues this memorandum of its decision pursuant to Federal Rule of Civil Procedure 52(a)(1).

## I.   Facts

### A.  Overview

This case stems from a low-speed motor vehicle collision that occurred in Seattle, Washington at approximately 4:30 a.m. on October 25, 2016.  The collision occurred on 11th Avenue NW, near the intersection of 11th Avenue NW and NW Ballard Way.[1]  In the location

---

[1] At times, the parties and witnesses have also referred to "NW Ballard Way" as "47th Avenue NW."

MEMORANDUM OF DECISION - 1

where the collision occurred, 11ᵗʰ Avenue NW had northbound and southbound lanes of travel. While that block of 11ᵗʰ Avenue NW had no center lane marker, according to the testimony at trial there was an asphalt seam demarking the division of the two lanes.

The collision involved a car driven by Plaintiff Shawlee Geiger and a U.S. Postal Service tractor-trailer driven by Postal Service employee Al Kendrick, Jr.  The parties agree that Mr. Kendrick was acting within the scope of his employment at the time of the accident.  The front left corners (i.e., the driver's sides) of both vehicles collided, with Ms. Geiger's car going under the bumper of Mr. Kendrick's vehicle.  There was a tight circular field of debris from the collision located in the southbound lane.  Before police arrived on the accident scene, both vehicles had been moved from the location of the collision.

The parties offer contradictory explanations as to how the collision occurred.  According to Plaintiff, she was driving in the northbound lane of 11th Avenue NW, six to eight inches from the right-hand curb approaching the stop sign, when Mr. Kendrick swung wide into her lane when completing his right turn from NW Ballard Way onto 11ᵗʰ Avenue NW, thereby colliding with her vehicle.

Mr. Kendrick describes turning the cab of his vehicle from NW Ballard Way onto the southbound lane of 11ᵗʰ Avenue NW and, seeing the headlights of Plaintiff's car approaching in middle of the road with her driver's side intruding into his lane of travel, bringing his vehicle to a stop.  Mr. Kendrick describes that from his vantage point, he could see as Plaintiff approached that she was looking down at what appeared to be a phone.

MEMORANDUM OF DECISION - 2

1

2

**B. Plaintiff's Fact Witnesses**

 **1. Shawlee Geiger**

 Plaintiff Shawlee Geiger testified at trial as a fact witness.  Ms. Geiger's testimony was not consistent with the physical evidence presented at trial.  Ms. Geiger testified that she was not driving in the middle of the roadway on 11th Avenue NW at the time of the collision, but instead was driving in her lane of travel only six to eight inches away from the curb.  This testimony is clearly contradicted by the physical evidence at trial, which was that the debris from the accident was in the southbound lane.  It is also inconsistent with the testimony of her expert witness David Wells.

 In addition, Ms. Geiger's credibility was impeached on multiple occasions during cross-examination.  The impeachment evidence includes, but is not limited to: (1) inconsistencies between Ms. Geiger's testimony at trial and her sworn representations in her applications for Social Security disability benefits; and (2) inconsistencies between her testimony at trial and statements that Ms. Geiger made to law enforcement in Thurston County in connection with a reckless driving incident that occurred less than a month after the collision.  It was also notable to the Court that Ms. Geiger was driving with a suspended driver's license and without insurance, both of which are in violation of Washington state law.

 **2. Wallace Olson**

 Plaintiff also called Wallace Olson as a fact witness.  Although Mr. Olson testified that he was nearby when the accident occurred, he testified that he did not witness the accident itself, nor did he approach the scene of the accident after the collision.  As a result, his testimony was of limited use to the Court.

MEMORANDUM OF DECISION - 3

### 3. David Jarman

Plaintiff also offered the testimony of David Jarman.  Mr. Jarman (as well as Ms. Geiger) testified that he was very close to the accident when it occurred and approached the accident scene after the collision.  Mr. Jarman's testimony cannot be squared with Mr. Kendrick's testimony, in which Mr. Kendrick denied that Mr. Jarman was present when the accident occurred.  The Court credits Mr. Kendrick's testimony that Mr. Jarman was not present.  As discussed below, Mr. Kendrick offered credible testimony at trial, including his testimony about the physical location of the collision.

By contrast, the Court finds that Mr. Jarman was not a credible witness.  He testified that Ms. Geiger was in her lane of travel when the accident occurred, which is inconsistent with the physical evidence.  Mr. Jarman's character for truthfulness was also repeatedly impeached during cross-examination.  He acknowledged that he had pled guilty in a different case to false reporting to the police (although he originally denied the fact of his conviction).  Mr. Jarman was also untruthful in his testimony when responding to questions about his friendship with Mr. Olson, saying he had met him recently when on further questioning of Mr. Jarman and Mr. Olson it became apparent that they had known each other for years.  In addition, he testified that he left the accident scene before the police came because he had an outstanding warrant for a parole violation.

## C. Defendant's Fact Witnesses

### 1. Al Kendrick

Defendant's first fact witness was Al Kendrick, the driver of the U.S. Postal Service vehicle.  Mr. Kendrick offered testimony that was consistent with the physical evidence presented at trial regarding the location of the debris from the collision.  His testimony, as well

MEMORANDUM OF DECISION - 4

as the physical evidence, establishes that Ms. Geiger's car collided with Mr. Kendrick's vehicle in his lane of travel, which was the southbound lane of 11th Avenue NW.  The Court found Mr. Kendrick to be a credible witness.

### 2.  Officer Tori Foley

Defendant also offered testimony from Officer Tori Foley of the Seattle Police Department, who was one of the police officers who responded to the accident scene.  Officer Foley has had extensive experience in conducting traffic investigations.

At the scene of the accident, Officer Foley cited Ms. Geiger for driving with a suspended license, driving without insurance, and inattentive driving.  Based on her investigation at the scene, Officer Foley believed that Ms. Geiger was at fault for the accident.  She testified that debris evidence at the scene of a collision is a key factor in understanding the cause of an accident.  Officer Foley found Mr. Kendrick's version of events was consistent with the debris evidence at the scene.  The Court found Officer Foley to be a credible witness.

### D.  Expert Witnesses on Collision Analysis and Accident Reconstruction

#### 1.  David Wells

Plaintiff offered David Wells as an expert in collision analysis and accident reconstruction.  At trial, Mr. Wells opined that the evidence does not conclusively show that Ms. Geiger was outside her lane of traffic at the time of the accident.  Instead, Mr. Wells opined in his expert report that both vehicles were "near the center of the roadway when the collision occurred."  Ex. P-3 at 14.  Notably, Mr. Wells did not opine that Ms. Geiger was in her lane of travel when the accident occurred.  In addition, Mr. Wells' opinion that both vehicles were "near the center of the roadway" when the collision occurred contradicts Ms. Geiger's testimony that she was driving six to eight inches from the curb in her lane of travel.

MEMORANDUM OF DECISION - 5

### 2. Ron Sanders

Defendant offered Ron Sanders as an expert in collision analysis and accident reconstruction.  Mr. Sanders opined that the collision occurred in Mr. Kendrick's lane of travel.  Mr. Sanders testified persuasively to the importance of the "debris field" in determining the location of the collision, which he concluded was in the southbound lane of traffic.  He opined that the debris field from the collision in this case locates where the collision occurred in the roadway.  Mr. Sanders testified that the debris field was about three feet in diameter and very "tight" and localized.  The debris field was in no way near where Ms. Geiger testified she was driving at the time of the collision.  Mr. Sanders' expert report and his testimony drew upon the dashboard camera video from Officer Foley's vehicle at the scene of the accident to support his opinions regarding the location of the collision.  *See* Ex. D-3 at 4-6 (dashboard camera video images from minute/second 26:33, 26:40, and 29:33).  The Court finds that the physical evidence buttresses Mr. Sanders' testimony.

In his expert report, Mr. Sanders opined that the collision "undoubtedly occurred in the southbound lane of travel, the lane legally occupied by the USPS combination vehicle of Mr. Kendrick." Ex. D-3 at 8.  In his rebuttal report, Mr. Sanders further opined that "[t]here is no way contact between the vehicles occurred in Ms. Geiger's lane of travel." Ex. D-4 at 2.  The Court was persuaded by Mr. Sanders' testimony and opinions on these points.

## E.  Findings Regarding the Collision

Based on its consideration of the testimony and credibility of the fact witnesses, the expert testimony and opinions, and the exhibits offered by the parties, the Court finds the following facts regarding the collision.

MEMORANDUM OF DECISION - 6

The collision occurred at approximately 4:30 a.m. when no other vehicles were nearby. It was a dry morning and weather was not a contributing factor to the collision.

Before the collision occurred, Mr. Kendrick was driving eastbound on NW Ballard Way. He stopped completely on NW Ballard Way at a four-way intersection with 11th Avenue NW. He then began turning right onto 11th Avenue NW, heading southbound.  Mr. Kendrick acknowledged that as he made the turn, part of his vehicle went into the northbound lane of traffic on 11th Avenue NW.  However, he had turned the front end of his vehicle into his lane of travel (the southbound lane) before the collision.

When he turned onto 11th Avenue NW, Mr. Kendrick saw Ms. Geiger's vehicle approaching northbound from a distance of approximately one block.  Expert witness Ron Sanders opined that this distance was approximately 175 feet from the point of the collision.  Mr. Kendrick observed that Ms. Geiger was driving in the middle of the road, intruding into his lane. After seeing Ms. Geiger intruding into his lane, Mr. Kendrick came to a complete stop on 11th Avenue NW with the cab of his vehicle in his lane of travel.[2]

As Ms. Geiger's vehicle approached, Mr. Kendrick saw Ms. Geiger looking down.  She had what appeared to be a cell phone in one hand, with her other hand on the steering wheel. The Court credits Mr. Kendrick's testimony that Ms. Geiger was looking down as she approached his vehicle, and finds that Ms. Geiger was not driving attentively.  The lack of traffic or adverse weather conditions at the time of the collision adds further credence to Mr. Kendrick's

---

[2] Plaintiff contests whether Mr. Kendrick came to a complete stop before the collision.  The Court credits Mr. Kendrick's testimony that he had stopped completely; however, it is clear to the Court that Mr. Kendrick could not have been moving more than two or three miles per hour even assuming that he was "coming to a stop" at the time of the collision.

MEMORANDUM OF DECISION - 7

testimony that Ms. Geiger was looking at her cell phone while driving, as there was nothing else to distract her.

Ms. Geiger's vehicle collided with Mr. Kendrick's vehicle on 11th Avenue NW.  The collision occurred in Mr. Kendrick's lane of travel on 11th Avenue NW.

After the collision, Mr. Kendrick called 911.  Before the police arrived, Mr. Kendrick backed his vehicle off Ms. Geiger's vehicle.  Ms. Geiger's vehicle was inoperable, so Ms. Geiger pushed the vehicle herself to the side of the road.[3]

The Court finds that Mr. Kendrick acted reasonably by stopping his vehicle when he saw Ms. Geiger's vehicle approaching in the middle of 11th Avenue NW.  Although Mr. Kendrick testified that he did not take other defensive maneuvers to avoid the accident, such as honking his horn or flashing the high beams of his vehicle, the Court finds that the testimony establishes that given the speed with which Ms. Geiger's car was traveling and the short distance between the two cars, there was insufficient time to for Mr. Kendrick to attempt additional maneuvers.[4]

## II.  Legal Analysis

Plaintiff's negligence claim is brought under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671 *et seq.*  Under the FTCA, the Court applies the substantive negligence law of the state where the alleged tort occurred.  28 U.S.C. § 1346(b).

Under Washington law, a plaintiff bringing a claim for negligence must prove: (1) existence of a duty; (2) breach of that duty; (3) resulting injury; and (4) proximate cause.  *Bowers*

---

[3] At trial, Ms. Geiger testified that Mr. Jarman helped her push her vehicle to the side of the road.  However, Mr. Jarman testified that he did not help push the car.  This inconsistency in testimony again calls into question Ms. Geiger's credibility.

[4] Given that the Court finds below that Defendant was not liable for the accident, the Court need not address medical testimony regarding injuries Ms. Geiger may have suffered in the collision.

MEMORANDUM OF DECISION - 8

1    *v. Marzano*, 290 P.3d 134, 138 (Wash. App. 2012).  The existence of a duty is a question of law,

2    while breach and proximate cause are generally questions of fact.  *Id.*

3           In determining the existence of a duty in motor vehicle accidents, Washington law

4    provides that "[t]he driver with a right-of-way is the favored driver, while the disfavored driver

5    must yield the right-of-way."  *Id.*  "The disfavored driver bears the primary duty to avoid a motor

6    vehicle accident."  *Id.*

7           Here, the Court finds that Mr. Kendrick was the favored driver and Ms. Geiger was the

8    disfavored driver.  Mr. Kendrick had the right-of-way in the southbound lane of 11th Avenue

9    NW.  Ms. Geiger should have been driving her vehicle on the right side of the road (i.e., in the

10   northbound lane) and should have passed Mr. Kendrick's vehicle on the right.  *See, e.g.*, RCW

11   46.61.100 - .105.  Instead, she was driving in the middle of the road, with at least part of her

12   vehicle intruding into Mr. Kendrick's lane of travel.  Ms. Geiger could have avoided the accident

13   if she had been driving attentively and in her lane of travel.

14          Ms. Geiger points to RCW 46.61.180(1), which provides that "[w]hen two vehicles

15   approach or enter an intersection from different highways at approximately the same time, the

16   driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right."  The

17   collision in this case did not occur in an intersection, and therefore this statute is not applicable.

18          Ms. Geiger also cites RCW 46.61.305(1), which provides that "[n]o person shall turn a

19   vehicle . . . unless and until such movement can be made with reasonable safety . . . ."  The Court

20   finds that Mr. Kendrick acted consistently with this requirement.  At the time he turned onto 11th

21   Avenue NW, it was safe for him to do so and he had completed turning the cab of his vehicle

22   into the southbound lane of 11th Avenue NW before the collision occurred.

MEMORANDUM OF DECISION - 9

Therefore, the Court finds and concludes that the collision was not caused by the breach of a duty by Mr. Kendrick.  As the finder of fact, the Court finds that Plaintiff was the proximate cause of the accident.  As a result, Plaintiff's claim for negligence must fail.

### III.   CONCLUSION

Plaintiff has failed to prove the required elements of her negligence claim.  Therefore, the Court finds in favor of Defendant in this matter.

DATED this 16th day of March, 2021.

Barbara Jacobs Rothstein
U.S. District Court Judge

MEMORANDUM OF DECISION - 10